# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO L. CASTILLO MIRANDA,<br>Petitioners,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-00644-KES-EPG-HC<br>ORDER VACATING JUNE 2, 2026 FINDINGS AND RECOMMENDATION<br>(ECF No. 24)<br>AMENDED FINDINGS AND RECOMMENDATION TO GRANT FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br>(ECF No. 21) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned vacates the June 2, 2026 findings and recommendation and recommends that the first amended petition be granted and Petitioner be immediately released.

## I.

## BACKGROUND

Petitioner is a citizen of El Salvador who initially entered the United States on March 27, 2013. He was arrested by immigration authorities and detained for about one month. Subsequently, he was released on his own recognizance. Petitioner applied for asylum and withholding of removal and obtained work authorization. The first amended petition ("FAP") alleges that Petitioner has worked and paid taxes in this country for more than a decade, he has complied with all release conditions, and he has not committed any crimes. When Petitioner appeared for an immigration court proceeding on June 2, 2025, Department of Homeland

Security ("DHS") officials re-arrested Petitioner without providing him with prior notice or an explanation of the basis for his re-arrest or re-detention. Petitioner was not afforded an opportunity to contest the basis of the revocation of his parole and re-detention, and he has been detained without a bond hearing. On or around November 10, 2025, Petitioner's immigration attorney withdrew from representing him. Despite continuing efforts, Petitioner has been unable to obtain replacement counsel. (ECF No. 21 at 7.[1])

On January 26, 2026, Petitioner filed a petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1.) On February 6, 2026, an immigration judge ("IJ") ordered Petitioner removed to El Salvador. Petitioner was not represented by counsel at the removal hearing. The removal order states that Petitioner waived his right to an appeal.[2] Petitioner attempted to file a *pro se* appeal to the Board of Immigration Appeals ("BIA"). It was later returned to him due to a filing error. (ECF No. 21 at 8.)

On February 10, 2026, this Court ordered that "Respondents shall not transfer Petitioner out of this District" pending the Court's decision on the habeas petition. (ECF No. 13 (emphasis deleted).) On February 18, 2026, Respondents transferred Petitioner to Arizona. In the days following, they moved him through several other states before ultimately detaining him in El Paso, Texas. (ECF No. 21 at 8.) On February 25, 2026, the Federal Public Defender moved this Court to reconsider its earlier denial of appointment of counsel in this matter, noting Petitioner's transfer to El Paso in violation of the Court's order. (ECF No. 14.) The Court granted the motion and appointed counsel. (ECF Nos. 15, 16.) At some point after that February 25 filing and before March 3, 2026, Respondents transferred Petitioner back to Golden State Annex. (ECF No. 21 at 8.) Petitioner's appeal deadline to the BIA was March 9, 2026. He was unable to obtain counsel to assist him in filing the appeal.[3]

On March 27, 2026, Petitioner filed a first amended petition challenging his detention on due process grounds. (ECF No. 21.) On April 10, 2026, Respondents filed a response, and

[1] Page numbers refer to the ECF pagination stamped at the top of the page.
[2] The FAP alleges that Petitioner did not knowingly waive that right. (ECF No. 21 at 8.)
[3] The FAP alleges that "[i]n total, Petitioner was in transit or in temporary holding locations for one-quarter to one-half of his 30-day appeal window." (ECF No. 21 at 8.)

Petitioner filed a reply on April 17, 2026. (ECF Nos. 22, 23.) On June 2, 2026, the undersigned issued findings and recommendation recommending that the FAP be denied because although "revocation of Petitioner's parole without a bond or custody hearing may implicate a due process issue . . . relief under due process is unavailable at this time in light of the final order of removal entered against Petitioner." (ECF No. 24 at 4 (internal quotation marks and citation omitted).)

On June 16, 2026, Petitioner filed objections to the findings and recommendation. (ECF No. 25.) On June 30, 2026, Petitioner requested leave to file supplemental objections. (ECF No. 26.) On July 1, 2026, the Court granted Petitioner leave to file supplemental objections and ordered Respondents to file a reply to the supplemental objections. (ECF No. 27.) To date, no reply has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

In the supplemental objections, Petitioner informs the Court that on June 23, 2026, the Ninth Circuit docketed a petition for review of removal order and a motion to stay removal filed by Petitioner and issued a stay of removal pending further order of the court. (ECF No. 26 at 1.) Petitioner "objects to the magistrate judge's finding that his detention is governed by 8 U.S.C. § 1231(a)." (ECF No. 26-1 at 1.)

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). 8 U.S.C. § 1226(a) "is the default detention statute for noncitizens in removal proceedings." Avilez, 69 F.4th at 529. Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." Id. "Section 1231(a) applies to detention after the entry of a final order of removal. In contrast to Subsections A and C, Section 1231(a)

does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31.

Here, as set forth in the supplemental objections, a petition for review of the removal order is pending before the Ninth Circuit, which has stayed Petitioner's removal. Accordingly, the removal period has not yet begun, 8 U.S.C. § 1231(a)(1)(B)(ii), and Petitioner's detention is not governed by 8 U.S.C. § 1231(a). Accordingly, the undersigned will vacate the June 2, 2026 findings and recommendation.

In the FAP, Petitioner asserts that: (1) Petitioner is not a flight risk or danger to the community and therefore his detention is unjustified and unlawful; and (2) Petitioner's re-detention without a pre-deprivation hearing violated due process. (ECF No. 21 at 9–11.) "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas at 690. In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court addressed whether due process requires a parolee be afforded some opportunity to be heard prior to revocation of parole. 408 U.S. at 472. In examining "the nature of the interest of the parolee in his continued liberty," the Supreme Court stated:

> The liberty of a parolee enables him to do a wide range of things open to persons who have never been convicted of any crime. The parolee has been released from prison based on an evaluation that he shows reasonable promise of being able to return to society and function as a responsible, self-reliant person. Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life. Though the State properly subjects him to many restrictions not applicable to other citizens, his condition is very different from that of confinement in a prison. . . . The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions.

Morrissey, 408 U.S. at 482. The Supreme Court found "that the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others" and held that "the liberty is valuable and

must be seen as within the protection of" due process. Morrissey, 408 U.S. at 482.

Relying on Morrissey, courts in this district have consistently held that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody. See, e.g., Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); J.A.E.M. v. Wofford, No. 1:25-cv-01380-KES-HBK (HC), 2025 WL 3013377, at *3–6 (E.D. Cal. Oct. 27, 2025); J.C.L.A. v. Wofford, No. 1:25-cv-01310-KES-EPG (HC), 2025 WL 2959250, at *3–5 (E.D. Cal. Oct. 17, 2025); Qazi v. Albarran, No. 2:25-cv-02791-TLN-CSK, 2025 WL 3033713, at *4 (E.D. Cal. Oct. 10, 2025); Martinez Hernandez v. Andrews, No. 1:25-cv-01035 JLT HBK, 2025 WL 2495767, at *10 (E.D. Cal. Aug. 28, 2025); Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *8 (E.D. Cal. Aug. 20, 2025); Maklad v. Murray, No. 1:25-cv-00946 JLT SAB, 2025 WL 2299376, at *7–8 (E.D. Cal. Aug. 8, 2025).

Accordingly, the undersigned recommends granting the FAP for the reasons stated in Clene C.D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-cv-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C. v. Robbins, No. 1:25-cv-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025)

(ordering immediate release of petitioner who allegedly violated reporting requirements four times); Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G. v. Chesnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, the FAP alleges that Petitioner has worked and paid taxes since 2014, complied with all conditions of release, appeared at all check-ins and court hearings, and does not have a criminal record. (ECF No. 21 at 2.) Respondents have not contested these allegations and do not contend that Petitioner is a danger or flight risk. Accordingly, the Court finds that Petitioner's immediate release is the appropriate remedy.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The first amended petition for writ of habeas corpus (ECF No. 21) be granted; and
2. Respondents be directedly to immediately release Petitioner.

Further, the Court VACATES the June 2, 2026 (ECF No. 24) findings and recommendation.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 29, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE